GEORGE MIDDLETON *vs.* GEORGE D. WILCOX.

NOVEMBER 12, 1948.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

O'CONNELL, J. This cause is before us on complainant's appeal from the entry of a decree of the superior court denying and dismissing the bill of complaint and dissolving the preliminary injunction previously entered therein.

The bill alleges that on October 1, 1945 and for a long time prior thereto the complainant was and had been a tenant of two certain stores owned by the respondent and located at 219 and 221 Plainfield street, Providence, under a month-to-month tenancy, at a rental of $20 a month for both stores; that on October 1, 1945 the parties entered into a written lease of said premises for the period of ten years from October 1, 1945, at the rate of $20 per month payable in advance on the first business day of each month; that complainant continued to occupy the premises until February 1, 1947; and that during the month of January 1947 he entered into negotiations with respondent for the purpose of securing permission to sublet one of the two stores referred to in the written lease.

The bill further alleges that on or about February 3, 1947 the respondent orally agreed, in consideration of a monthly rental of $34 payable in advance, that he would execute and deliver a new lease of the demised premises for the balance of the term of the then existing lease, which new lease should give the privilege of subletting one of the

two stores to a suitable tenant, with the permission of the respondent; that respondent agreed that a sublessee of the two stores as proposed by the complainant would be acceptable to him; that, in accordance with the terms of said agreement and relying upon the respondent's promise to execute a new lease, complainant proceeded to make valuable and permanent improvements to the premises by installing a plate glass window, two new front doors, two lavatories, and a partition, and by repairing and repainting certain portions of the premises, all at an expense of over $500.

The bill also alleges that respondent refuses to execute a new lease, claiming that complainant is now in default under the terms of the original lease; that he has broken his covenant in said lease; that he has forfeited the same by subletting one of the two stores without the permission in writing of respondent; and that respondent has commenced an action of trespass and ejectment, then pending in the superior court, to eject complainant from the premises, which action then stood assigned for trial in that court.

The bill prayed for the entry of a decree enjoining and restraining respondent from further prosecuting his action at law and from otherwise attempting to eject complainant from said premises and ordering and directing respondent to execute and deliver to complainant a lease of the premises in accordance with the agreement alleged in the bill of complaint.

The undisputed testimony showed that no permission *in writing* to sublet any portion of the leased premises was ever given under the original written lease, as required by the terms thereof. Since an oral agreement to execute and deliver the new written lease would be unenforceable by reason of the statute of frauds, the complainant sought to overcome this obstacle by showing a substantial part performance of said agreement and presented evidence tending to prove that he had made extensive alterations and improvements in the leased premises in reliance upon

the promise and agreement of respondent to execute a new written lease as set forth in the bill of complaint.

No witnesses were present at the time of such alleged oral agreement. Upon the question as to whether that agreement was actually made, the evidence was in direct conflict. The respondent emphatically denied making such agreement and presented evidence to show that some of the repairs and alterations claimed by the complainant were never actually made; that others were made by the latter as a tenant and under the terms of his existing lease before the date of the alleged oral agreement; that second-hand fixtures and lumber were used in making replacements and repairs, some of which were made in the store used and occupied by the complainant and not by his tenant; and that the value and expense of such replacements and repairs were grossly exaggerated by complainant.

While complainant claimed that the agreement to execute the new lease was made on February 3, 1947, the new tenant testified he paid his first month's rent to complainant on January 31, 1947 and received a receipt therefor, marked as an exhibit in this cause, which reads on the date line: "Feb 1st to Feb 28- 1947." The tenant further testified that after the trespass and ejectment suit had been started, complainant came into his shop and said to him: "Well, it looks like we are in trouble, have to move. * * * I have got an eviction notice and the only way we can beat that is by telling him we are in partners."

The respondent, a clergyman, who lived in Connecticut and made occasional visits to Providence, mainly to collect rents, testified that he did not know of the new tenant until he came to Providence on March 10, 1947, saw the new sign on the store, and went in and talked to the tenant. The same day he visited the office of his Providence attorney and through him started the trespass and ejectment suit on March 31, 1947.

The evidence shows that although complainant alleged that the rental under the new lease was to be $34 per

456

month, payable in advance, and that this agreement was made on February 3, 1947, the rent paid by the complainant on March 3, 1947 for the month of March was not $34, but $20, as provided for under the original written lease. The trial justice, as appears from the language of his decision, specifically found that no new lease had been promised to complainant by respondent.

Where the evidence is conflicting, as in this cause, the findings of fact by the trial justice sitting without a jury are entitled to great weight and will not be set aside unless they clearly fail to do justice between the parties. *Preble* v. *Higgins,* 43 R. I. 10; *Simeone* v. *Antonelli,* 52 R. I. 41; *Troia* v. *Leone,* 74 R. I. 271.

After a careful reading of the entire transcript we find nothing therein that would warrant us in saying that the decision of the trial justice is clearly wrong, and therefore we see no reason to disturb it.

The complainant's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Harlow & Boudreau,* for complainant.

*Ambrose W. Carroll,* for respondent.